B104 (Rev. 2/92)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING (Court Use Only)

**PLAINTIFFS**
Guadalupe S. Garza

**DEFENDANTS**
CMM Enterprises, LLC d/b/a Car Mart Motors #2 and Jesus Sanchez

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Kellett & Bartholow PLLC
11300 N. Central Expy., Suite 301, Dallas, TX 75243
(214) 696-9000

**ATTORNEYS** (If Known)

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☑ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1) Violation of the automatic stay (11 U.S.C. 362(a)); (2) Violation of the Texas Debt Collection Act.

## NATURE OF SUIT
(Check the one most appropriate box only.)

☑ 454 To Recover Money or Property
☐ 435 To Determine Validity, Priority, Extent of a Lien or Other Interest in Property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. § 727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)
☑ 1 Original Proceeding
☐ 2 Removed Proceeding
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND** | NEAREST THOUSAND | OTHER RELIEF SOUGHT | ☐ JURY DEMAND

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Guadalupe S. Garza | 16-70444 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Southern District of Texas | McAllen Division | Hon. Eduardo V. Rodriguez |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)  ☐ FEE ATTACHED  ☑ FEE NOT REQUIRED  ☐ FEE IS DEFERRED

DATE: 1/5/17
PRINT NAME: Caitlyn N. Wells
SIGNATURE OF ATTORNEY (OR PLAINTIFF): /s/ Caitlyn N. Wells

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **GUADALUPE S. GARZA** § | § | **CASE NO. 16-70444** |
| § | | |
| **Debtor** § | § | **CHAPTER 13** |
| § | | |
| **GUADALUPE S. GARZA,** § | § | |
| § | | |
| **Plaintiff,** § | § | |
| § | § | **CAUSE NO. _____** |
| v. § | § | |
| § | | |
| **CMM ENTERPRISES, LLC, d/b/a** § | § | |
| **CAR MART MOTORS #2 and** § | § | |
| § | | |
| **JESUS SANCHEZ,** § | § | |
| § | | |
| **Defendants.** § | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, GUADALUPE S. GARZA, Plaintiff, and files this suit against CMM ENTERPRISES, LLC, d/b/a CAR MART MOTORS #2, and Jesus Sanchez, Defendants. In support thereof, Plaintiff alleges as follows:

**I.
INTRODUCTION**

1. Plaintiff files this suit to seek relief from Defendants' actions in knowingly and willfully repossessing her vehicle after the filing of her Chapter 13 bankruptcy. Worse still, Defendants completely ignored Plaintiff's bankruptcy counsel's repeated requests to return the vehicle to Plaintiff, and threatened to sell Plaintiff's vehicle if she did not pay the entire amount due. Defendants' obstinate refusal to comply with the automatic stay is unconscionable, and should not be tolerated.

## II.
## PARTIES

2. Guadalupe S. Garza is a resident of the Southern District of Texas. She is the Debtor in *In re Guadalupe S. Garza*, Case No. 16-70444 (Chapter 13), filed in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division.

3. CMM Enterprises, LLC is a Texas limited liability company, and may be served with process through its registered agent for service of process, Jesus A. Sanchez, 1914 N. Cage, Pharr, Texas 78577. CMM Enterprises, LLC conducts and has conducted business in the State of Texas under the registered assumed names of "Car Mart Motors," "Car Mart Motors #2" and "Car Mart Motors #3."

4. CMM Enterprises, LLC, d/b/a Car Mart Motors #2 is a motor vehicle dealer licensed by the Texas Department of Motor Vehicles, reporting a physical address of 916 W. Expressway 83, Mission, Texas 78572.

5. Jesus Sanchez ("Mr. Sanchez"), is the owner and manager of CMM Enterprises, LLC. Mr. Sanchez may be served with process at the 1914 N. Cage, Pharr, Texas 78577.

## III.
## JURISDICTION, AUTHORITY, AND VENUE

6. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 and § 157(b) and (c).

7. This adversary proceeding relates to the Chapter 13 case of Plaintiff, *In re Guadalupe S. Garza*, Case Number 16-70444, filed in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division.

8. Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiff states that to the extent the Court determines that any portion of this complaint is non-core, Plaintiff consents to the entry of final

orders or judgment in this adversary proceeding by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution. Further, to the extent that any court determines that the Bankruptcy Court does not have the authority to enter a final judgment on any cause of action set forth herein, Plaintiff requests that the Bankruptcy Court issue a report and recommendation for a judgment to the United States District Court for the Southern District of Texas on any such cause of action.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiff's claim occurred in this district. Defendants regularly transact business in this district.

### IV.
### FACTUAL ALLEGATIONS

10. On or about February 3, 2016, Ms. Garza entered into a Motor Vehicle Retail Installment Contract (the "contract") with Car Mart Motors #2 for the purchase of a 2012 Chevrolet Malibu, VIN 1G1ZC5EU3CF125060.

11. According to the terms of the contract, the vehicle price, plus taxes and fees, totaled $11,923.09. Ms. Garza was credited for a deposit of $1,000.00 and a deferred down payment of $4,000.00 (immediately due on the following date, February 4, 2016). Ms. Garza financed the $6,923.09 balance at 18.00% APR over twenty-five (25) months with twenty-four (24) monthly payments of $350.00 beginning March 3, 2016, and one (1) final monthly payment of $224.78.

12. The Malibu was the sole means of transportation for Ms. Garza's 18-year-old son to commute to and from work on a daily basis. Further, Ms. Garza's son was expecting a baby

with his girlfriend, who was nearly nine months pregnant at the time the events in this complaint occurred.

13. On October 14, 2016, Plaintiff filed a Chapter 13 bankruptcy case, *In re Guadalupe S. Garza*, Case No. 16-70444, in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division.

14. Plaintiff's Schedule D listed Car Mart Motors #2 as a secured creditor in her Chapter 13 bankruptcy case for a claim in the amount of $5,000.00. Exhibit A. Plaintiff also listed Car Mart Motors #2 on her official mailing matrix. Exhibit B.

15. On October 14, 2016, Plaintiff also filed her Chapter 13 plan, proposing to pay Car Mart Motors #2 through her plan in the amount of $5,000.00 at 5.50% interest. Exhibit C.

16. On October 14, 2016, Aracely Trevino ("Ms. Trevino"), a paralegal from Plaintiff's bankruptcy counsel's office, placed a telephone call to Car Mart Motors #2 and gave verbal notice to Gabriel Martinez of Ms. Garza's bankruptcy filing. Ms. Trevino informed Mr. Martinez, in Spanish, that Plaintiff filed a Chapter 13 bankruptcy, but Mr. Martinez refused to take down Plaintiff's bankruptcy case number. Mr. Martinez also refused to provide a fax number for Car Mart Motors #2.

17. Plaintiff's bankruptcy counsel also mailed a letter to Car Mart Motors #2 on October 14, 2016, advising of Plaintiff's bankruptcy filing. Exhibit D. The letter sent by Plaintiff's bankruptcy counsel notified Car Mart Motors #2 of the existence of the automatic stay and warned that any attempt to enforce a lien or obtain possession of Plaintiff's property would be a violation of the automatic stay. *See* Exhibit D.

18. Despite the fact that Plaintiff's counsel sent verbal and written notice of the Plaintiff's Chapter 13 bankruptcy to Car Mart Motors #2, Defendants willfully and intentionally

repossessed the vehicle without obtaining an order lifting the automatic stay on October 18, 2016.

19. On the evening of October 18, 2016, Plaintiff received multiple telephone calls from a neighbor that witnessed the repossession. The neighbor informed Ms. Garza that her son's car was being repossessed and Ms. Garza needed to get in touch with him immediately.

20. Ms. Garza then called her son on his cellular phone. Ms. Garza's son, who was unaware of his mother's bankruptcy filing, was extremely upset about the vehicle being repossessed. After Ms. Garza told her son about the bankruptcy filing and calmed him down, she then asked him to hand his phone to the person repossessing the vehicle. Ms. Garza spoke to the man that was repossessing her son's vehicle, informed him that she had filed bankruptcy, and told him that Car Mart Motors #2 had been informed of the bankruptcy. The man replied that he was just doing his job and he could give Ms. Garza's son five to ten minutes to remove his personal items from the vehicle. After Ms. Garza's son removed his belongings from the car, the man repossessed Ms. Garza's vehicle.

21. Plaintiff suffered an anxiety attack as a direct result of the repossession of her vehicle.

22. On October 19, 2016 at approximately 9:15 a.m., Ms. Trevino called Car Mart Motors #2 and again spoke with Mr. Martinez. Ms. Trevino again gave Mr. Martinez the Plaintiff's bankruptcy information in Spanish, explained that the Plaintiff was protected under the bankruptcy stay, and demanded the vehicle be returned to Plaintiff. Mr. Martinez provided Ms. Trevino with Car Mart Motors #2's fax number, and said he was taking down the information and would call the manager, Defendant Jesus Sanchez.

23.     Immediately following her phone call to Car Mart Motors #2, Ms. Trevino faxed Ms. Garza's Notice of Bankruptcy Case Filing to Car Mart Motors #2, to the attention of Gabriel Martinez and/or Jesus Sanchez.  Exhibit E.  The fax cover sheet included a message that, once again, provided detailed information regarding the automatic stay.  *See id.*

24.     On October 19, 2016 at 10:04 a.m., Plaintiff's bankruptcy attorney, Catherine Curtis, faxed a letter with another copy of the Notice of Bankruptcy Case Filing to Defendants informing Defendants that their post-petition repossession of Plaintiff's vehicle was a violation of the automatic stay, and demanding that Defendants return the vehicle to Plaintiff by 5:00 p.m. on October 19, 2016.  Exhibit F.

25.     At approximately 10:25 a.m. on October 19, 2016, Ms. Ellen Stone, Plaintiff's bankruptcy attorney, called Car Mart Motors #2.  There was no answer, but Ms. Stone left a detailed voice message in Spanish stating her firm's representation of Ms. Garza and demanding the return of Ms. Garza's vehicle.

26.     Ms. Curtis and Mary Olivarez, a paralegal from Ms. Curtis' firm, placed another phone call to Car Mart Motors #2 and spoke with Mr. Martinez on October 19, 2016.  They explained to Mr. Martinez in English and in Spanish that, pursuant to the bankruptcy rules, the vehicle must be returned and further explained that Car Mart Motors #2 would be paid through Plaintiff's Chapter 13 plan.  Ms. Curtis and the paralegal repeatedly asked Mr. Martinez whether Car Mart Motors #2 would return the vehicle, and each time Mr. Martinez indicated that Car Mar Motors #2 refused to return the vehicle.

27.     On October 21, 2016, Plaintiff's bankruptcy attorneys faxed and overnighted a letter in English and in Spanish to Defendants, once again informing Defendants that their

actions were in violation of the automatic stay and demanding the return of the vehicle to Plaintiff by 5:00 p.m. on October 24, 2016.  Exhibit G.

28. On October 22, 2016, the Bankruptcy Noticing Center served the Initial Order for Case Management of Chapter 13 Case on all of Plaintiff's creditors, including Car Mart Motors #2.  Exhibit H.

29. On October 24, 2016, Ms. Garza received a letter from Car Mart Motors #2 dated October 19, 2016, stating that Ms. Garza's vehicle was repossessed for her failure to comply with the terms of the sales agreement.  The letter stated that Ms. Garza could get the vehicle back before Car Mart Motors #2 sells the vehicle by paying $5,649.61, the entire amount allegedly owed.  Car Mart Motors #2 planned to sell the vehicle as soon as 10 days from the date of the notice and could pursue a deficiency judgment against Ms. Garza.  Exhibit I.

30. On October 26, 2016, Ms. Curtis called Car Mart Motors #2 and spoke with the owner, Defendant Jesus Sanchez.  When Ms. Curtis advised that Car Mart Motors #2's failure to return Ms. Garza's vehicle was in violation of the automatic stay, Mr. Sanchez responded by saying something to the effect of "yeah, whatever."

31. Ms. Curtis also spoke with Car Mart Motors #2's attorney, Mr. Jose "Pepe" Caso, on October 26, 2016.  Ms. Curtis explained that Defendants had actual knowledge of Ms. Garza's bankruptcy on the date of filing – four days prior to the repossession – and advised that Defendants were violating the automatic stay.

32. On or about November 9, 2016, the Bankruptcy Noticing Center ("BNC") served Defendant Car Mart Motors #2 with the Notice of Meeting of Creditors filed in Plaintiff's bankruptcy case.  Exhibit J.

33. Defendants' willful repossession of the vehicle caused Ms. Garza's son to be without transportation to and from work, and without a mode of transportation while his girlfriend was nearly 9 months pregnant. As a direct result, Ms. Garza's mother obtained a loan, co-signed by Ms. Garza's son, for the purchase of a replacement vehicle on October 21, 2016.

34. While knowing that Plaintiff had filed bankruptcy, Defendant Jesus Sanchez intentionally and willfully caused Car Mart Motors #2 to intentionally and willfully repossess Plaintiff's vehicle.

35. While knowing that Plaintiff had filed bankruptcy, Defendant Jesus Sanchez intentionally and willfully caused Car Mart Motors #2 intentionally and willfully send Plaintiff the October 19, 2016 letter threatening to sell Plaintiff's car if she did not pay the entire amount due.

36. Defendants' actions constitute egregious and willful violations of the automatic stay and the Texas Debt Collection Act.

37. Defendants' actions have caused Plaintiff to experience a significant amount of stress and anxiety, and to lose faith in the bankruptcy process.

38. Plaintiff has been damaged by Defendants' actions. Specifically, Plaintiff has incurred actual damages, including mental anguish/emotional distress damages and attorneys' fees.

## V.
## CAUSES OF ACTION

### COUNT I
### (VIOLATION OF THE AUTOMATIC STAY)

39. The allegations in the paragraphs above are realleged and incorporated herein by this reference.

40. Defendants had actual notice and knowledge that Plaintiff was a debtor in a pending Chapter 13 bankruptcy and that the automatic stay was in effect.

41. During the pendency of the instant Chapter 13 bankruptcy case, Defendants did not obtain termination, modification, or relief from the binding effect of the automatic stay as it pertains to Plaintiff's vehicle.

42. Defendants had actual notice of the Plaintiff's Chapter 13 bankruptcy case prior to repossessing Plaintiff's vehicle.

43. Defendants also had actual notice of Plaintiff's Chapter 13 bankruptcy case prior to sending the October 19, 2016 letter to Plaintiff threatening to sell her vehicle at auction if she did not pay the entire amount due on the loan.

44. Further, Defendants refused to return the vehicle to Plaintiff, even after receiving multiple notices from Plaintiff's bankruptcy counsel that their actions were a violation of the automatic stay.  Defendants' continued possession of Plaintiff's vehicle represents a continuing violation of the automatic stay.

45. The 2012 Chevrolet Malibu is property of the bankruptcy estate.  Plaintiff had, and continues to have, an equitable interest in the 2012 Chevrolet Malibu.

46. Defendants intended to repossess the vehicle and exercise control over the vehicle, as evidenced by their continued possession of said vehicle.

47. By repossessing Plaintiff's vehicle after the filing of Plaintiff's Chapter 13 bankruptcy, Defendants have violated 11 U.S.C. §§ 362(a)(3), (4), and (6).  Further, by demanding that Plaintiff pay the total amount due on her loan, and threatening to sell Plaintiff's car if she failed to pay, Defendants have violated 11 U.S.C. § 362(a)(6).

48. The Plaintiff has been injured and continues to suffer injury as a proximate result

of the Defendants' willful repossession of the vehicle.

49. Defendants' willful violations of the automatic stay caused Plaintiff damages, entitling Plaintiff to recover her actual damages, including costs and attorneys' fees, and punitive damages, as set forth in 11 U.S.C. § 362(k)(1).

50. As a direct result of Defendants' willful and intentional violations of 11 U.S.C. § 362, this Court has discretion to sanction Defendants pursuant to the provisions of 11 U.S.C. § 105.

51. Plaintiff respectfully requests that the Court award Plaintiff her actual damages, including her attorneys' fees and costs, and punitive damages pursuant to 11 U.S.C. § 362(k)(1).

## COUNT II
### (VIOLATION OF THE TEXAS DEBT COLLECTION ACT "TDCA")

52. The allegations in the paragraphs set forth above are re-alleged and incorporated herein by this reference.

53. Plaintiff is a "consumer" as that term is defined by the Texas Debt Collection Practices Act, set forth in Chapter 392 of the Texas Finance Code (the "TDCA").

54. The Plaintiff's relationship with Defendants arose out of a "consumer debt" as that term is defined in the TDCA.

55. Defendants are "debt collectors" as that term is defined in the TDCA.

56. Defendants have violated § 392.301(a)(8) of the TDCA by threatening to sell Plaintiff's vehicle if Plaintiff did not pay the alleged total amount due of $5,649.61 within ten (10) days from October 19, 2016 because the repossession and sale of Plaintiff's vehicle is prohibited by the Bankruptcy Code. See Exhibit I, attached hereto.

57. Plaintiff has been damaged by Defendants' actions as described herein.

58. Defendants violated the TDCA and Plaintiff is thus entitled to her actual damages and attorneys' fees pursuant to § 392.403 of the TDCA.

## COUNT III
### (ATTORNEYS' FEES)

59. The allegations in the paragraphs set forth above are re-alleged and incorporated herein by this reference.

60. Through the conduct described herein, Defendants have inflicted actual damages upon Plaintiff by violating the automatic stay, the provisions of the Bankruptcy Code, and the TDCA.

61. Moreover, Plaintiff has been forced to retain legal counsel, who have incurred reasonable and necessary attorneys' fees on her behalf. Such fees are properly taxed against Defendants by virtue of Defendants' flagrant violations of the provisions of the Bankruptcy Code. This Court can award Plaintiff her attorneys' fees as against Defendants pursuant to 11 U.S.C. §362k, § 392.403 of the TDCA, the Court's inherent powers, and its § 105(a) powers.

## VI.
### ACTUAL DAMAGES, PUNITIVE DAMAGES, AND SANCTIONS

62. The allegations in the paragraphs set forth above are re-alleged and incorporated herein by this reference.

63. Through the conduct described herein, Defendants have inflicted actual damages upon Plaintiff by repossessing Plaintiff's vehicle and attempting to collect a pre-petition debt from Plaintiff without proper court proceedings.

64. Moreover, Plaintiff has been forced to retain legal counsel who has incurred reasonable and necessary attorneys' fees on her behalf. Such attorneys' fees are also properly

taxed against Defendants pursuant to 11 U.S.C. §§ 105(a) and 362(k) and the Texas Debt Collection Act § 392.403(b).

65. Plaintiff seeks that the Court hold Defendants in contempt and award Plaintiff her actual damages, sanctions, and punitive damages in an amount sufficient to deter Defendants from future misconduct.

## VII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendants be cited to appear and answer these allegations and that, upon final trial of this cause, she be granted all relief to which she is justly entitled, including:

a. All actual damages, including attorneys' fees and costs (at trial and on appeal) to which Plaintiff is entitled;

b. All compensatory damages to which Plaintiff is entitled, including attorneys' fees and costs, exemplary damages, and/or punitive damages and sanctions, for Defendants' actions described herein;

c. An award of reasonable attorneys' fees and costs pursuant to the 11 U.S.C. §362(k) and TDCA § 392.403(b); and

d. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KELLETT & BARTHOLOW PLLC

By: */s/ Caitlyn N. Wells*
Caitlyn N. Wells
Texas Bar No. 24070635
Southern District Bar No. 2043070
Karen L. Kellett
Texas Bar No. 11199520
Southern District Bar No. 26490
Theodore O. Bartholow, III ("Thad")
Texas Bar No. 24062602
Southern District Bar No. 1571898
Megan F. Clontz

Texas Bar No. 24069703
Southern District Bar No. 2191929
11300 N. Central Expressway, Suite 301
Dallas, TX 75243
Tel: (214) 696-9000
Fax: (214) 696-9001
caitlyn@kblawtx.com

Catherine Curtis
Texas Bar No. 24074100
Southern District Bar No. 1129434
Stone Curtis PLLC
5414 N. 10th Street, Suite A-2
McAllen, TX 78504
Tel: (956) 630-2822
Fax: (956) 631-0742

**ATTORNEYS FOR GUADALUPE S. GARZA**